IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MTISHA JACKSON                                                                                  PLAINTIFF

VS.                                                             CIVIL ACTION NO. 3:15cv213-CWR-FKB

LADY LUCK CASINO                                                                               DEFENDANT

REPORT AND RECOMMENDATION

This *pro se* case is before the Court *sua sponte* for consideration of dismissal. Plaintiff Mtisha Jackson filed her complaint [1] on March 23, 2015. The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") [2]. Having liberally construed the complaint, the undersigned recommends that this case be dismissed without prejudice.

Plaintiff appears to be a resident of Mississippi. It appears that Plaintiff has named Lady Luck Casino as the defendant and claims that her civil rights have been violated. Civil Cover Sheet [1-1].

A court must "dismiss [an IFP] case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Under the IFP statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted, if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F. App'x 435, 435 (5th Cir. 2013)(per curiam)(internal quotation marks omitted).[1]

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief

---

[1] Although § 1915(e)(2)(B) is often applied to *pro se* prisoners, it also applies to non-prisoners. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 556).

The Court has permitted Jackson to proceed IFP in this action, and her Complaint is subject to *sua sponte* dismissal under § 1915. Plaintiff's one-page Complaint reads, as follows:

> Comes now plaintiff Mtisha Jackson pro se, and for cause of action against the defendant Lady Luck Casino. I had played 30 [cents] credit slot machine of 60,000 for if you land on all gold pompeli. Of all 7 gold pompeli. I had all 7 gold, and 3 wilds 4 gold pompeli. Played on the 1st Sunday of March of 2015. I asked service phone teller he stated he didn't no. He stated I will have to come down there. I believe he sold money.

Complaint [1] at 1.

After reviewing the Complaint, the Court is unable to determine the factual circumstances giving rise to Jackson's claim, the legal basis for her claim, the type of relief she is seeking, or even whether the Court has jurisdiction. As a result, the undersigned Magistrate Judge recommends that this action be dismissed *sua sponte* for failing to state a claim.

Because the Court has not considered the merits of Plaintiff's claims and there have been no substantive proceedings on the claims in this Court, the undersigned recommends that this action be dismissed without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006)(per curiam).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon

grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 22nd day of June, 2015.

                                    /s/ F. Keith Ball
                                    UNITED STATES MAGISTRATE JUDGE